ABEL STEARNS, RESPONDENT, *v.* MONTGOMERY MAR-
TIN AND B. W. WILSON, APPELLANTS.

[1] ASSIGNMENT OF CONTRACT.—Where a party sets up in his pleadings an assignment
to him of a contract made with another, he must allege a positive transfer, and
the character of it.

AMENDMENT TO PLEADINGS.—Amendments of pleadings are in the discretion of the
Court below.

EVIDENCE—CONTRACT AS EVIDENCE.—A joint contract cannot be given in evidence,
where the pleadings set up a several contract alone.

APPEAL from the First Judicial District.

This was an action on a promissory note of the defend-
ants, in favor of plaintiffs, for $8,000, subject to a credit of
$3,800. The defendants, in their answer, admitted the
making of the note, but alleged it was given by Martin, as
principal, and Wilson as surety, with the knowledge of the
plaintiff; that it was given for the purchase, by the defend-
ant Martin, from the plaintiff, October 10th, 1852, of five
hundred head of horned cattle, "Novellas," of an excellent
quality and size, and about three years old, which the plain-
tiff represented he had then on his ranch, near Los Angeles,
and which he agreed to deliver to said Martin immediately,
so that he could drive them north before the rainy season.

    The answer charged that the plaintiff only deliv-
[228] ered one hundred and fifty * cattle, for which defend-
    ant Martin had paid, and that they were of an infe-
rior kind, and had refused to allow the defendant to pick out
the balance, according to contract.

The answer set up a counter claim on the part of the de-
fendant Martin, in the damages sustained by the non-fulfil-
ment, by the plaintiff, of the contract.

Upon the trial the defendants introduced a witness, Ozias
Morgan, who testified that he and the defendant Martin,
were partners in the purchase of the cattle mentioned in the
defendant's answer, whereupon the plaintiff objected to any

---

[1] Cited in *Hook* v. *White*, 36 Cal. 301.

proof concerning cattle purchased jointly by Martin and
Morgan, inasmuch as the counter claim of Martin was
founded on a single and separate contract, as set out in the
pleadings entered into between Martin and the plaintiff.
The objection was sustained by the Court. The defendants,
with the leave of the Court, then filed an amended answer
and counter claim, in which they state, that the contract for
the sale of cattle was made and entered into between the
plaintiff and the defendant Martin and one O. Morgan, and
that, subsequently to the contract, Martin had acquired all
the interest of said Morgan in the contract, and the rights
flowing therefrom.

The plaintiff demurred to the amended answer, and
assigned the following reasons: 1st. Because the amended
answer did not state at what time, nor for what considera-
tion, the assignment was made by Morgan to Martin, nor
whether the assignment was verbal or written, nor what was
the nature of the demand assigned, nor that the plaintiff had
notice of it. 2d. Because the defendant Martin cannot set
up a demand for unliquidated damages which he holds
against the plaintiff as assignee, against the demand upon
which this suit is brought, as there is no allegation that the
defendant Wilson, has any interest in the contract so ·
assigned.

The Court sustained the demurrer. The defendant, with
the leave of the Court, filed another amended answer and
paid the costs. But the Court ordered that the second
amended answer should be disregarded. To which ruling
the defendants excepted.

The defendants then propounded the following
question to * the witness Morgan: State the partic-     [229]
ulars of any verbal contract entered into between the
plaintiff Martin, and yourself. The plaintiff objected to the
question, and it was overruled by the Court. The defend-
ants excepted.

The jury rendered a verdict for the plaintiff for $5,904 85.
The defendants moved for a new trial, which was refused,
and judgment being entered on the verdict, they appealed.

*J. Lancaster Brent & H. P. Hepburn,* for Appellants.

Cited *Hall* v. *Robinson,* 2 N. Y. 293; 1 Code Rep. 311; Note to § 111, N. Y. Code, 1852; Voorhies' 2d ed. 982; 5 How. Pr. 470; § 67 Practice Act.

*Scott & Granger,* for Respondent

Cited 4th, 12th, 13th, 14th, 17th, 39th, 47th and 68th sections of Practice Act of 1851; *Bernard* v. *Mullot,* 1 Cal. 368.

Mr. J. HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The averment of the amended answer of the defendants, as to Martin's acquisition of Morgan's interest, is too loose and uncertain. It should, at least, have alleged a positive transfer or assignment, and the character of it, so that the plaintiff would be put upon notice of what he had to meet. The demurrer was, therefore, properly sustained.

The Court exercised its discretion in disallowing the second amendment, and we do not think it a proper question for our revision.

All evidence in relation to the joint contract was properly excluded where the pleadings set up a several contract alone.

Judgment affirmed.